440

## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Ayers

v.

Swindell et al.

February 27, 1961

Case No. B-4749

By JUDGE ALEX H. SANDS, JR.

This is a suit brought by complainant to subject specific property of defendant Swindell to the satisfaction of a judgment lien held by plaintiff against Swindell. A. D. Rucker and C. E. Richardson, trustees under a deed of trust upon the property, the lien of which is senior to plaintiff's judgment lien, are joined as parties defendant.

All parties are in agreement as to the necessity for and propriety of a sale of the property in the present case (such sale to be in fee and for cash), but plaintiff contends that the costs of the proceeding are a primary charge upon the fund to be created by the sale, while the trustees contend that such costs are subordinate to the payment of the lien of their deed of trust and that any funds realized by the sale must first be applied to discharge of their lien in full before payment of costs. This is the sole issue before the Court.

Strangely enough there is a dearth of authority upon the point both in Virginia and elsewhere. In Virginia this may be because the early case of *Patterson v. Crawford*, 97 Va. 661 (1899), puts the issue at rest, as indeed it seems that it does. While the facts differ slightly from those at bar, the principal is the same. Here, in a credi-

tor's suit to subject defendant's lands to the satisfaction of several liens of different dignity, the Court's commissioner, after selling the property, defaulted as to a part of the money so held and died. The sureties on his bond were insolvent. The sole issue was upon whom should the loss fall. The Court saddled the loss upon the lien creditors in the order of the priority of their claims. In delivering its opinion, the Court approves this rule governing the handling costs and administrative expenses in such suit:

> Where property is subjected to the payment of liens thereon the liens are transferred from the property to the proceeds of sale, and in the administration thereof, the respective priorities are duly preserved. *The cost of converting the property into money for the payment of the liens, and expense of administering the fund*, must be borne by the lienors in the inverse order of the priorities of their respective liens, if the fund be not sufficient to pay such cost and expense as well as all liens . . . . This is well understood to be the general rule.

Counsel for defendant trustees, in his memorandum states that the above authority upon which plaintiff relies has no application to the case at bar. With this the Court cannot agree. It is true that a reading of the reported case does not disclose that a deed of trust upon the property, recorded prior to the creditor's suit was involved (this being our situation). A review of the record and exhibits in the *Patterson* case, however, shows that this was precisely the situation. There were two recorded deeds of trust upon the Crawford property, one dated February 1, 1889, and another dated June 10, 1891. On February 19, 1982, the Crawfords executed a deed for the benefit of all creditors to Curry & Craig, trustees who, on March 11, 1892, instituted a creditor's suit to subject all of the crawford property to the payment of such creditor's claims (including the beneficiaries under the two mentioned deeds of trust). The Court appointed special commissioner having misappropriated a part of the purchase price derived

from a judicial sale of the property, there was insufficient money to pay the costs of the suit and all lien holders in full. It was under such set of facts that the Court pronounced the general rule above referred to.

Thus, in the Crawford suit, we have presented the identical problem as here under consideration. There as here we have an outstanding deed of trust entitled to all of the dignity accorded by law. There as here we have a creditor's suit instituted subsequent to the recordation of the deed of trust for the purpose of subjecting the land to the payment of the claims of all creditors of the owner. There as here we have the question as to how the proceeds of the sale are to be applied where such are insufficient to pay all charges against such fund. The cause of the deficit is immaterial, whether it be the result of defalcation of persons administering the fund or that the property just does not bring enough. The deficit is applied against the creditors in the inverse order of the seniority of the liens. *Not until a junior creditor's portion is exhausted is a senior creditor's portion touched.*

Counsel for defendant trustees relies upon *Bradley v. Canter*, 201 Va. 747 (1960). This case is not in point. Here Blundon Investment Corp. owned "Burgess Farm" in Northumberland County. There were two deeds of trust upon the property the senior securing $5,000.00 and the junior $15,000.00. The suit, brought by the junior trustees against the senior trustees, alleged that junior trustees had purchased property from senior trustees at a foreclosure sale on December 14, 1957. Settlement under the sale, or any further sale, was enjoined pending determination of various questions involved. Entirely independently of any dealings between senior and junior trustees, a stockholder's suit was instituted by one Harris in Washington, D.C., and a temporary receiver's fee and expenses totalling $3,124.34 should be charged 50-50 against the two trusts on "Burgess Farm." The Circuit Court of Northumberland County accepted this ruling of the Federal Court and decreed accordingly. *The receivership proceeding had no relation to the sale of "Burgess Farm" and was wholly unrelated to either the trust or the sale of the property.*

The Virginia Court of Appeals, upon these facts, very properly held:

(a) That an order of the Federal Court cannot effectively make the receiver's fee in a receivership in the Federal Court an "expense of sale" in a proceeding in a state under a deed of trust upon property located in a state *when* the services of the receiver are wholly unrelated to the trust on the property or a sale thereof, and

(b) That the Federal Court was without jurisdiction to impair the existing liens of the deeds of trust *by directing that payment to the temporary receiver be apportioned equally between beneficiaries of a first and second deed of trust.*

Thus our Court of Appeals held first that the receiver's services being wholly unrelated to the sale of the property, that he was entitled to *no* fee from the proceeds, and that even had he been so entitled, the Federal Court could not have arbitrarily *apportioned* such fee between senior and junior creditors' interests.

To have permitted such apportionment would have been in the teeth of the concept adopted in *Patterson v. Crawford, supra,* and to that extent, *Bradley v. Canter* supports the position here taken by counsel for plaintiff.

For the above reasons, it is the Court's view that where, in a creditor's suit, the proceeds from the sale of property is insufficient to pay the costs and expenses of administering the fund and all liens, that the cost and administration expenses are first paid and the balance remaining applied to the payment of the liens in the order of their priority and that this applies equally to liens secured by deed of trust upon the property so sold.